UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

GARRETT PAESCHKE,

    Plaintiff,

v.

GENERAL MOTORS LLC,

    Defendant.

Case No. 4:16-CV-5050-LRS

ORDER GRANTING MOTION TO EXPEDITE AND MOTION FOR PROTECTIVE ORDER

BEFORE THE COURT is the parties Stipulated Motion for Protective Order (ECF No. 21) and Motion to Expedite Hearing (ECF No. 22).

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Stipulated Protective Order Governing Confidential Material to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because this is a products liability

ORDER - 1

case in which Plaintiff has brought allegations of defect relative to a 2003 Chevrolet Tahoe K1500, bearing the VIN 1GNEK13Z33J174604 ("subject vehicle"). General Motors LLC ("GM") intends to produce certain confidential business information including design, developmental and testing documents relating to the subject vehicle. Plaintiff has also requested documents in discovery or may request in discovery that may contain material protected by federal, state, or foreign data protection laws or other privacy obligations, including (but not limited to) consumer and third-party names, such as the first and last names of persons involved in an accident or of other individuals not directly involved in an accident but included in documents related to an accident; Social Security Numbers; health information relating to the past, present or future physical or mental health or condition of an individual; the provision of health care to an individual, or the past, present or future payment for the provision of health care to an individual; driver's license or other identification numbers; personal financial information such as tax information, bank account numbers, and credit card numbers; insurance claim numbers; insurance policy numbers; or the personal email addresses or other contact information of GM board members and employees ("Personal Information").

     Likewise, Defendant has also requested documents in discovery or may request in discovery that may contain material protected by federal, state, or foreign data protection laws or other privacy obligations, including (but not limited to)

ORDER - 2

consumer and third-party names, such as the first and last names of persons involved in an accident or of other individuals not directly involved in an accident but included in documents related to an accident; Social Security Numbers; health information relating to the past, present or future physical or mental health or condition of an individual; the provision of health care to an individual, or the past, present or future payment for the provision of health care to an individual; driver's license or other identification numbers; personal financial information such as tax information, bank account numbers, and credit card numbers; insurance claim numbers; insurance policy numbers; VIN numbers; or the personal email addresses or other contact information of GM board members and employees ("Personal Information").

ACCORDINGLY, IT IS HEREBY ORDERED:

For good cause shown under Fed.R.Civ.P. 26(c), the court GRANTS the parties' Joint Motion for Entry of Stipulated Protective Order (ECF No. 21) and Motion to Expedite (ECF No. 22), and hereby enters the following Stipulated Protective Order Governing Confidential Information as proposed by the parties:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the

ORDER - 3

Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.

3. Information may be designated as "CONFIDENTIAL" when: (i) the Producing Party reasonably believes that the Information constitutes, reflects, discloses or contains trade secrets or other non-public confidential research, development, or commercial information, or (ii) the Producing Party reasonably believes that the documents or information includes Personal Information. Information or documents that are available to the public may not be designated as Confidential Information. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. GM may produce and designate as being "HIGHLY CONFIDENTIAL" under this Protective Order design information that is produced by GM in a three-dimensional electronic CAD data format. HIGHLY CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5. Documents are designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL (collectively "Confidential Information") by placing or affixing

on them in a manner that will not interfere with their legibility the following or other appropriate notice: "CONFIDENTIAL," "SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL" ("the marking"). The marking will be applied prior to or at the time of the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney thereby certifies that the document contains Confidential Information as defined in this Order.

Any notes, lists, memoranda, index or compilation prepared or based on any examination of Confidential Information shall be subject to this Protective Order and shall not be disseminated to anyone not authorized to examine Confidential Information.

    6.    Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

ORDER - 5

7. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or HIGHLY CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. Confidential Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

ORDER - 6

(e) the court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents or witnesses;

(h) other persons by written agreement of the parties.

9. Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the court if good cause for review is demonstrated by opposing counsel.

10. In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for *in camera* review; or (c) when the preceding measures are inadequate, seeking

permission to file the document under seal by filing a motion for leave to file under seal.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.

11. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Information or to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as

ORDER - 8

Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

12. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be returned to the designating party, or the parties may elect to destroy CONFIDENTIAL and HIGHLY CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL and HIGHLY CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13. This Protective Order may be modified by the court at any time for good cause shown following notice to all parties and an opportunity for them to be heard. Nothing in this Order shall be construed as preventing the parties from cooperating with any government investigation.

14. This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

15. The provisions of this protective order remain in effect continue after conclusion of the litigation. Also, after the conclusion of this case, a party may file

a motion to seek leave to reopen the case to enforce the provisions of this Order.

16. If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the court their written agreement to be bound by the provisions of this Order.

17. The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

18. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity

ORDER - 10

to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

19. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited, to information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within thirty (30) days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not

be deemed a violation of the provisions of this Order. The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

**IT IS SO ORDERED.**   The District Court Executive is directed to file this Order and provide copies to counsel.

Dated this 20th day of March, 2017.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
SENIOR U.S. DISTRICT COURT JUDGE

ORDER - 12